UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| AVA JO JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-0012 SNLJ |
| | ) | |
| INTERNATIONAL PORTFOLIO, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks leave to proceed in forma pauperis in this civil action brought pursuant to 42 U.S.C. § 1983. The motion will be granted. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action alleging violations of her civil rights. Plaintiff asserts that she has been the subject of a garnishment action since 2010. She claims that the collection agency, International Portfolio, Inc., is "not a legitimate collection agency and was unfounded by the Missouri State Attorney General's Office, Consumer Fraud Protection Unit."

In plaintiff's "Statement of Claim," she asserts that she has been deprived of her property without due process of law. She states that defendants, the garnishors, violated her Fourteenth Amendment rights to due process by acting fraudulently and misrepresenting themselves in Missouri State Court. Plaintiff states that defendants have claimed that they have been collecting debts owed by plaintiff to Twin Rivers Regional Medical Center.

Plaintiff asks in her request for relief that this Court require defendants to stop the garnishment on her and return to plaintiff all monies "taken unlawfully by fraud." Plaintiff also seeks $30,000 in compensatory damages.

## Discussion

The Court takes judicial notice of a suit on account filed on July 27, 2009, in Dunklin County Circuit Court, by *International Portfolio, Inc. as assignee of Regional Medical Center v. Ava J. Jefferson*, No. 09DU-AC00604-01 (35th Judicial Circuit, Dunklin County Court). In the state court petition, International Portfolio, Inc. states that Ava Jefferson is indebted to Regional Medical Center on account of medical services provided to Ms. Jefferson that totaled in the sum

of $20,401.94. The petition states that Ms. Jefferson refused to pay for those services, and therefore, International Portfolio, Inc. brought suit on behalf of Regional Medical Center in order to obtain a judgment against plaintiff for the charges. Ava Jefferson was represented by counsel in the Dunklin County matter, and a consent judgment in an amount of $22,278.36 was entered into by the parties and their attorneys on March 17, 2010. Garnishment was executed at the end of 2010.

After Ms. Jefferson's counsel withdrew in the garnishment action, in May of 2017, Ms. Jefferson and her husband Elmer Jefferson, began to file motions with the Dunklin County Circuit Court seeking to having the garnishment quashed, or set aside. On October 2, 2017, plaintiff filed a motion to quash the garnishment, raising the arguments currently posed in the instant complaint. Plaintiff asserted that International Portfolio, Inc. made a fraudulent filing with the Attorney General's Office. Plaintiff supplemented her motion to vacate with the Circuit Court on October 19, 2017. She stated that the garnishment should be vacated because:

> The Collection Agency, International Portfolio, Inc. was not a legitimate collection agency and was unfounded by the Missouri State Attorney General's Office and the debtor was deprived of her property without due process of law without proper notification.

On January 5, 2018, the Circuit Court found that plaintiff's motions to set aside the garnishment should be denied. See *International Portfolio, Inc. as assignee of Regional Medical Center v. Ava J. Jefferson*, No. 09DU-AC00604-01 (35th Judicial Circuit, Dunklin County Court). Plaintiff sought leave to appeal the decision in forma pauperis, but the Circuit Court denied her request. Subsequently, there is no indication that the matter is currently pending on appeal.

"The *Rooker–Feldman* doctrine . . . [applies to] cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, to the extent plaintiff is seeking to challenge the state court garnishment aainst her, or in some way overrule the consent judgment she voluntarily agreed to, the *Rooker-Feldman* doctrine mandates that this Court abstain from such review of the garnishment action. *Id.*

To the extent plaintiff is seeking appellate review of the state court garnishment action, or the denial of her motion to vacate, this Court does not have appellate jurisdiction over state court matters. *See Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cor. 1996). As such, this action is subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc No. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all remaining pending motions in this action are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal of this dismissal shall not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 30th day of April, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE